IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 10, 2024 Session

## SHELBY COUNTY DEMOCRATIC PARTY ET AL v. GREG GRANT D/B/A GREATER MEMPHIS DEMOCRATIC CLUB, INC.

**Appeal from the Chancery Court for Shelby County
No. CH-19-1370-3  William B. Acree, Senior Judge**

_____

### No. W2022-01185-COA-R3-CV

_____

In response to a petition alleging the violation of Tennessee Code Annotated section 2-19-116, a statute that prescribes a criminal penalty and that this Court has held does not provide for a private right of action, the trial court entered an injunction. The trial court thereafter found that the appellant was in criminal contempt of the injunction and sentenced him to ten days in the county jail. The appellant appeals, arguing, among other things, that the order that he was held in contempt of was not lawful. For the reasons stated herein, we hold that the contempt judgment should be reversed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and CARMA DENNIS MCGEE, J., joined.

Linda Nettles Harris, Memphis, Tennessee, for the appellants, Gregory Grant and Greater Memphis Democratic Club, Inc.

### MEMORANDUM OPINION[1]

The litigation underlying the present contempt proceeding originated in the Shelby County Chancery Court. As alleged in an amended petition filed in the underlying matter by the Shelby County Democratic Party, the Shelby County Young Democrats, and the

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

campaign committee "Marek for Memphis," several Defendants, including Greg Grant and the Greater Memphis Democratic Club, Inc., were "deceptively portraying certain candidates as the nominees or endorsees of the Democratic Party" even though such candidates were allegedly not endorsed by the Democratic Party. As is relevant to this appeal, the amended petition specifically averred that the actions of the identified "Defendants" violated Tennessee Code Annotated section 2-19-116. Per that statute:

(a) No person shall print or cause to be printed or assist in the distribution or transportation of any facsimile of an official ballot, any unofficial sample ballot, writing, pamphlet, paper, photograph or other printed material which contains the endorsement of a particular candidate, group of candidates or proposition by an organization, group, candidate or other individual, whether existent or not, with the intent that the person receiving such printed material mistakenly believe that the endorsement of such candidate, candidates or proposition was made by an organization, group, candidate or entity other than the one or ones appearing on the printed material.

(b) A violation of this section is a Class C misdemeanor.

Tenn. Code Ann. § 2-19-116.

Following a hearing that was convened to determine "whether the Plaintiffs should be granted a permanent injunction enjoining the Defendants from distributing campaign literature in violation of T.C.A. § 2-19-116," the trial court ultimately held that a permanent injunction "shall issue." In issuing the injunction, the trial court noted that "a finding of a future violation of the injunction and statute requires a finding of intent . . . ."

Subsequent to the entry of the injunction aimed at securing relief relative to Tennessee Code Annotated section 2-19-116, the Shelby County Democratic Party filed a petition alleging that Greg Grant and the Greater Memphis Democratic Club, Inc., were willfully violating the permanent injunction "in connection with the present voting cycle for the May 3, 2022 Shelby County Primary." The petition prayed that these Defendants be ordered to show cause why they should not be held in criminal contempt.

Mr. Grant thereafter sought to dismiss the contempt proceeding, and in one of his filings with the trial court, he cited to this Court's prior decision in *Lowery v. Redmond*, No. W2021-00611-COA-R3-CV, 2022 WL 1618218 (Tenn. Ct. App. May 23, 2022), as support for his defense. In the *Lowery* case, he noted, this Court had held that there is no private right of action under Tennessee Code Annotated section 2-19-116. Thus, Mr. Grant reasoned that "the orders entered by [the trial court] granting injunctive relief are unlawful and void" and that he could not be found in contempt of a void order. Notwithstanding this argument from Mr. Grant, the trial court ultimately entered an order finding him to be in criminal contempt for violating the permanent injunction. This appeal followed.

Whereas Mr. Grant has since filed appellate briefing in an effort to overturn the contempt judgment against him, the Shelby County Democratic Party has not participated in the appeal.

In his appellate brief,[2] Mr. Grant raises multiple issues and arguments for our consideration. Among other things, he contends, like he did in the trial court, that the trial court's injunction order was not lawful. We agree with Mr. Grant as to this point and find it to be dispositive of the appeal.[3]

"When we review a judgment of criminal contempt, we employ the four-element analysis set forth in *Konvalinka v. Chattanooga–Hamilton County Hosp. Auth.,* 249 S.W.3d 346 (Tenn. 2008)." *Furlong v. Furlong*, 370 S.W.3d 329, 336 (Tenn. Ct. App. 2011) (noting that the analysis from *Konvalinka* generally applies, "with the noted exception of the standard for reviewing the sufficiency of the evidence," even though *Konvalinka* was a case involving civil contempt). As is specifically relevant here, "[t]he threshold issue in any contempt proceeding is whether the order alleged to have been violated is 'lawful.'" *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 355 (Tenn. 2008); *see also Simpkins v. Simpkins*, 374 S.W.3d 413, 420 (Tenn. Ct. App. 2012) (citing Tenn. Code Ann. § 29-9-102(3) and noting that "willful disobedience of a lawful court order or decree is punishable as criminal contempt"). "Naturally, the determination of whether a particular order is lawful is a question of law." *Furlong*, 370 S.W.3d at 337 (quoting *Konvalinka*, 249 S.W.3d at 355).

Of note, in this context, "[a] lawful order is one issued by a court with jurisdiction over both the subject matter of the case and the parties." *Konvalinka*, 249 S.W.3d at 355. Here, as we noted earlier, it is Mr. Grant's position that this Court's prior ruling in *Lowery* demonstrates that the trial court's decision to enter the underlying injunction was not lawful. Having considered *Lowery*, we find merit in this argument. Indeed, whereas the trial court's injunction order in this case itself specifically made clear that "[t]he relief sought . . . is that the Defendants be permanently enjoined from violating T.C.A. § 2-19-116," *Lowery* instructs that there is no private right of action to enforce that statute. *Lowery*, 2022 WL 1618218, at *7 (holding that the petitioner "cannot assert a private right of action, by way of a declaratory judgment action or otherwise" under section 2-19-116). With no private right of action, we concluded in *Lowery* that the petitioner there "could not bring his . . . action in any court." *Id.* at *6. A like conclusion follows here in reference to the efforts to enforce the statute by way of injunction, and there thus being no jurisdiction for the trial court to have entered the permanent injunction at issue, *see id.* at *8 (concluding the statute "fail[ed] to confer a private right of action to which the trial court's jurisdiction

---

[2] As a technical matter, we observe that Mr. Grant's brief also lists the Greater Memphis Democratic Club, Inc., as having submitted the brief jointly with him.

[3] We therefore do not tarry long in our discussion in this Opinion and pretermit all other issues and concerns not specifically addressed herein.

can attach"), it is apparent that the injunction order Mr. Grant was alleged to have violated was not lawful. As such, the contempt judgment against Mr. Grant cannot stand, and it is hereby reversed.


       _s/ Arnold B. Goldin_____
       ARNOLD B. GOLDIN, JUDGE